**IN THE UNITED STATES DISTRIC COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**SEAN T. COZART,**

**Plaintiff,**

**v.** **No. 20-CV-172**

**UNITED STATES OF AMERICA,**
**and REUBEN E. LAST, MD.**

**Defendant.**

**COMPLAINT FOR MEDICAL NEGLIGENCE**

COMES NOW, Plaintiff Sean T. Cozart through his counsel, Monnica L. Barreras, Esq., and hereby submits his complaint for medical malpractice/negligence as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action to recover damages from Defendants United States of America and Dr. Reuben E. Last for the medical negligence of employees including Dr. Last at the Department of Veterans Affairs, specifically at the New Mexico Veteran Affairs Healthcare System ("NMVAHS").

**THE PARTIES AND JURISDICTION**

2. The events and injuries complained of occurred in the State of New Mexico, county of Bernalillo.

3. Plaintiff Sean T. Cozart is a resident of Bernalillo County, State of New Mexico.

4. Upon information and belief, Defendant Reuben E. Last, M.D. is a resident of New Mexico.

5. Upon information and belief, at all material times, Defendant Reuben E. Last was an employee of the NM VA Healthcare System, employed as a general surgeon.

6. Upon information and belief, at all material times, Defendant Reuben E. Last was acting in the course and scope of his employment for NMVAHS, and therefore was an employee of the United States.

7. The United States of America is directly liable for the negligent actions or inactions of its employees acting within the scope and course of the employment.

8. This Court has jurisdiction to hear this case pursuant to the Federal Tort Claims Act ("FTCA") 28, United States Code Section 1346(b) and Sections 2671-2680.

9. Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

10. Plaintiff has given notice pursuant to the FTCA and has exhausted all required administrative remedies as a prerequisite to filing the instant litigation.

11. Plaintiff received a decision letter on August 30, 2019, which was dated August 27, 2019 from the Department of Veterans Affairs, indicating the Department completed its investigation of Plaintiff's claims regarding the care and treatment provided to Mr. Cozart at the NMVAHS.

12. This Court therefore has jurisdiction over the parties and the subject matter.

**COUNT 1 AGAINST ALL PARTIES: MEDICAL MALPRACTICE/NEGLIGENCE**

13. All previous paragraphs are incorporated by reference herein.

14. On or around April 19, 2018, Mr. Cozart was treated at NMVAHS.

15. Mr. Cozart reported to feeling some abdominal pain.

16. Mr. Cozart did not report the pain as being especially severe.

17. Mr. Cozart was not afebrile.

18. Mr. Cozart did not present with many of the typical signs or symptoms of Cholecystitis (inflammation or infection of the gallbladder).

19. The blood work results for Mr. Cozart did not show signs of an infection or gallbladder problems, or Cholecystitis.

20. Mr. Cozart had not previously presented to NMVAHS with gallbladder issues.

21. He was 41 years old at the time of treatment.

22. The ultrasound results did not make a definitive finding that Mr. Cozart had Cholecystitis.

23. The ultrasound results did not show intrahepatic dilation.

24. The ultrasound results did not show gallstones.

25. Mr. Cozart was nonetheless informed by Defendants that he needed to have surgery to have his gallbladder removed.

26. This decision to perform surgery by Defendant was negligent, as was the misdiagnosis of cholecystitis.

27. The gallbladder surgery was not necessary at that point.

28. Defendant did not attempt available less invasive alternatives short of a risky surgical procedure in treating Mr. Cozart nor did defendant take additional measures to investigate further before rushing to do the surgery.

29. The defendant did not order further imaging such as a Hida scan once the ultrasound results revealed no definitive findings.

30. The defendant did not have Mr. Cozart under further observation and testing prior to jumping into a surgical procedure.

31. The defendant did not perform liver function tests.

32. The defendant did not redraw bloodwork.

33. Mr. Cozart was also not properly advised of the risks of the surgery.

34. Defendant did not obtain written signature showing informed consent was provided to Mr. Cozart explaining the risks of the surgery.

35. During the surgery, Defendant was placed under general anesthesia. Multiple incisions (surgical cuts) were made into Mr. Cozart's abdomen, in the area just below the navel. Mr. Cozart's gallbladder was then cut away from his liver and removed rom his body through one of the incisions. The incisions were subsequently closed by sutures (stitches).

36. Here, the actual surgical technique performed was also negligent and fell below the standard of care.

37. Months later, Mr. Cozart was seen at Lovelace Medical Center after he was experiencing a bulge in his stomach that was protruding and painful.

38. Lovelace Medical Center diagnosed him with having an incisional hernia that was specifically due to the gallbladder removal surgery performed by Defendant.

39. Due to Defendant's negligent surgical procedure, Mr. Cozart was required to have an additional surgical procedure on January 9, 2019 to repair the hernia.

40. Mr. Cozart discovered Defendants' negligence in January 2019 when he had to undergo that surgical procedure to correct defendants' negligence.

41. Defendants were negligent in diagnosing and performing gull bladder removal surgery in April 2018.

42. Medical negligence from that procedure caused a painful hernia and associated infection.

43. Medical negligence from that procedure also caused damage to surrounding structures, requiring additional surgical procedure that was performed on January 9, 2019.

44. Defendants owed Mr. Cozart a duty to provide medical care and treatment expected of members of the medical community, to treat him appropriately and with due care, consistent with medical professional standards and using the skill and care of reasonable physicians under the same circumstances.

45. Defendants breached their duty to render reasonable medical care and treatment to Mr. Cozart as described.

46. Defendants' care fell below the applicable medical standards, which caused Plaintiff to suffer unnecessary pain associated with two surgeries.

47. Defendants' negligence directly and proximately caused Mr. Cozart's stated injuries as well as other damages.

48. Mr. Cozart had to endure the pain and suffering of the hernia caused by Defendant as well as the pain and inconvenience of recovering from two surgeries.

49. He has incurred additional medical costs due to defendants' negligence and had to take leave from work for part of his recovery.

50. Plaintiff is thereby entitled to all damages provable under law, to include damages under the New Mexico Medical Malpractice Act, compensatory medical and other damages, pain and suffering, lost wages, loss of household services, costs of medical care, attorney's fees and costs, pre and post judgment interest, and such other relief as this Court may direct.

51. Plaintiff is entitled to punitive damages for the intentional, willful, wanton and grossly negligent and reckless actions of Defendants.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendants, and each of them, finding that they are liable to Plaintiff for the above stated damages.

Respectfully Submitted,

/s/ Monnica L. Barreras

Monnica L. Barreras
Law Office of Monnica L. Barreras, LLC
Post Office Box 27158
Albuquerque, New Mexico 87125-7158
Telephone: (505) 242-3919
Facsimile: (505) 761-8280
Email: monnica@barreraslaw.com