IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEAN T. COZART

    Plaintiff,

vs.

UNITED STATES OF AMERICA, and
REUBEN E. LAST,

    Defendants.

No. 1:20-cv-00172-PJK

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS (ECF NO. 32)
AND MOTION TO EXTEND (ECF NO. 34)

THIS MATTER comes before the court on the Defendant United States of America's Motion to Dismiss filed April 15, 2021 (ECF No. 32), and Plaintiff Sean T. Cozart's Motion for Extension of Time to File Response to Motion to Dismiss by 15 Days, or Until May 14, 2021, filed May 6, 2021 (ECF No. 34). The court, after hearing argument from the parties on June 29, 2022, and being fully advised in the premises, finds that the motion to extend the time to file a response should be granted, as should the motion to dismiss for lack of subject matter jurisdiction.

On February 27, 2020, Mr. Cozart filed a complaint under the Federal Tort Claims Act (FTCA) alleging negligence against the United States and Dr. Reuben E.

Last.¹  ECF No. 1.  The government then filed its motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on April 15, 2021.  See ECF No. 32, at 10.  The deadline for Mr. Cozart's response to that motion was April 29, 2021.  See D.N.M. LR-Civ. 7.4(a).  On May 6, 2021, Mr. Cozart filed his untimely (and opposed) motion to extend the response time until May 14, 2021.  ECF No. 34.  The government responded.  ECF No. 35.  No action was taken on the motion to extend, ² but Mr. Cozart did not file a response to the motion to dismiss until August 13, 2021.  ECF No. 39.

      Mr. Cozart's counsel explained at the hearing on June 29, 2022, that her delay in filing a timely response to the motion to dismiss was caused by a failure to calendar the response deadline, her being out of the country, and the fact that she is a solo practitioner.  Though these reasons are slim, given the amount of time that has passed and a preference for a disposition on the merits of the jurisdiction issue, the court will grant the motion and extend the deadline to the date of filing, August 13, 2021.  The court urges counsel to comply with applicable deadlines.

      As for the motion to dismiss, this court must dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  That dismissal is without

---

¹ The United States must be the sole named defendant when a plaintiff brings an action against an employee of the United States for conduct within the scope of his work for the government.  28 U.S.C. § 2679(d)(1).  The parties have stipulated that Dr. Last must be dismissed as a defendant.  ECF No. 24, at 2; see 28 U.S.C. § 1346(b)(1); 38 U.S.C. § 7316.

² The undersigned was designated to hear this case on May 23, 2022.  ECF No. 46.

prejudice.  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006); Mecca v. United States, 389 F. App'x 775, 780 (10th Cir. 2010) (unpublished).  Federal courts lack subject matter jurisdiction over tort actions brought against the United States unless the United States has explicitly waived its sovereign immunity thereto.  See United States v. Mitchell, 463 U.S. 206, 212 (1983).  The FTCA provides a limited waiver of the United States's sovereign immunity in specific instances.  See 28 U.S.C. § 1346(b)(1).  To avail themselves of that waiver, prospective FTCA plaintiffs must meet 28 U.S.C. § 2675(a)'s jurisdictional requirement by filing with the appropriate federal agency a SF-95[3] or other "(1) [] written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  Lopez v. United States, 823 F.3d 970, 976 (10th Cir. 2016) (quoting Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852 (10th Cir. 2005)).

In this statement, a plaintiff must provide "due notice that the agency should investigate the possibility of particular (potentially tortious) conduct."  Benally v. United States, 735 F. App'x 480, 485 (10th Cir. 2018) (unpublished) (quoting Estate of Trentadue, 397 F.3d at 852).  This requires providing "notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable."  Estate of Trentadue, 397 F.3d at 853.  Thus, a

---

[3] A Standard Form 95, or SF-95, is the general form for written statements and damages claims in agency proceedings.  28 C.F.R. § 14.2 (2022).

federal court only has jurisdiction over claims based on "facts and circumstances" presented to the agency in accordance with § 2675(a).  Id.

The only facts and circumstances that Mr. Cozart's SF-95 includes are that the New Mexico Veterans Affairs (NM VA) "employees and surgeon" were negligent "in diagnosing and performing" surgery.  ECF No. 32-3.  Mr. Cozart emphasizes specifically that "NM VA incorrectly diagnosed and recommended" surgery and "negligently conducted the surgery."  Id.

Mr. Cozart has asked the court to "enter an order . . . dismissing any surgical negligence claims" and to dismiss Dr. Last as a party because Mr. Cozart does not have evidence "significant enough to prove by a preponderance[] negligence with respect to the surgery."  ECF No. 39, at 2.[4]  Instead, Mr. Cozart argues that he "retains viable nursing negligence claims due to the VA nursing staff failures, including": (1) "the rush to surgery without serious consideration of alternative to surgery"; (2) "failure to investigate the cause of Mr. Cozart's post-operation pain"; (3) "negligent management of that pain after the gallbladder removal surgery"; and (4) "discharging him too soon without the proper pain assessment and control."  Id.

The problem is that Mr. Cozart does not mention any facts or circumstances concerning post-operational care in his SF-95 or complaint.  See ECF Nos. 1, 32-3. Because medical negligence and surgical negligence claims do not as a matter of law

---

[4] Mr. Cozart abandoning his surgical negligence claim moots the United States's argument that this court should dismiss that claim because Mr. Cozart has not disclosed an expert to support it.  See Mot. to Dismiss, ECF No. 32.

4

encompass claims for negligence in post-operative care, this is dispositive.  See Benally, 735 F. App'x at 485–86.  Consequently, Mr. Cozart fails to satisfy § 2675(a)'s jurisdictional requirement with respect to this claim.  Therefore, this court lacks subject matter jurisdiction and grants the United States's Motion to Dismiss without prejudice.[5]

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant Dr. Reuben E. Last is dismissed without prejudice and in accordance with stipulation by the parties (ECF No. 24, at 2);

(2) Plaintiff Sean T. Cozart's Motion for Extension of Time to File Response to Motion to Dismiss by 15 Days, or Until May 14, 2021, filed May 6, 2021 (ECF No. 34), is granted and the response time is extended to August 13, 2021; and

 (3) Defendant United States of America's Motion to Dismiss filed April 15, 2021, (ECF No. 32) is granted and the complaint and action are dismissed without prejudice.

DATED this 6th day of July 2022, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:
Monnica L. Barreras, Law Office of Monnica L. Barreras, Albuquerque, New Mexico for Plaintiff.

Kimberly N. Bell, Assistant United States Attorney (Fred J. Federici, Acting United States Attorney with her on the briefs), Albuquerque, New Mexico for Defendant.

---

[5] Mr. Cozart also seeks damages under the New Mexico Medical Malpractice Act, compensatory damages, attorney fees and costs, and punitive damages for gross negligence and recklessness.  Compl. at 5, ECF No. 1.  The court need not address these requests because they hinge upon the abandoned claim of surgical negligence.  See id.